

# NUMBER 13-25-00263-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TODD ALEXANDER AND
ALL OTHER OCCUPANTS,**                                     **Appellants,**

## V.

**LOST CREEK RANCH APARTMENTS,**                       **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF NUECES COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

The cause is before the Court on its own motion. On May 12, 2025, appellant filed a notice of appeal. On May 13, 2025, the Clerk of the Court notified appellant that the notice of appeal was defective and did not comply with Texas Rules of Appellate Procedure 9.1(b), and 25.1(d)(1), (2), (3), (4), (5), and (8). *See* TEX. R. APP. P. 9.1(b),

25.1(d)(1), (2), (3), (4), (5), and (8). On May 23, 2025, we abated the matter and remanded the cause for the trial court to determine whether appellant was indigent, among other determinations. Upon review of the trial court's order dated July 24, 2025, appellant is not indigent and no longer wants to move forward with the appeal.

On July 25, 2025, we reinstated the appeal, and the Clerk of the Court sent notice to appellant that he was delinquent in remitting the $205.00 filing fee. Appellant was further notified that the appeal is subject to dismissal if the filing fee was not paid within ten days from the date of the notice. *See id.* R. 42.3. On August 26, 2025, the notice, sent via the United States Postal Service, was returned to the Court and marked "return to sender," "unclaimed," and "unable to forward." Furthermore, on August 10, 2025, the Clerk of the Court notified appellant that his amended notice of appeal was defective and instructed appellant to cure the defects within ten days of the notice.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See* TEX. R. APP. P. 9.1(b). Appellant has failed to provide a correct mailing address and has otherwise failed to respond to the clerk's notices. Furthermore, Texas Rule of Appellate Procedure 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(b), (c). Accordingly, we dismiss the appeal for want of prosecution. *See id.*

JAIME TIJERINA
Chief Justice

Delivered and filed on the
29th day of August, 2025.

2